IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)

CASE NO.: ____________________

IN RE: MATTER OF EX PARTE PETITION
SWISSCANTO FONDSLEITUNG AG
FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782.
_____________________________________/

## *EX PARTE*[1] PETITION PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, SWISSCANTO FONDSLEITUNG AG, by and through its undersigned counsel, and submits this Ex Parte Petition Pursuant to 28 U.S.C. § 1782 for Judicial Assistance, seeking an Order directing the issuance of subpoenas to an individual located within this judicial district, requiring the individual to provide remote testimony in an ongoing civil trial before the Ontario Superior Court of Justice.

### A Note on the 1964 Amendments

Section 1782(a) authorizes this Court to order a person to "give his testimony or statement," language that neither distinguishes between live and deposition testimony

[1] Section 1782 petitions are routinely granted ex parte. See, e.g., *In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("[M]ost § 1782 applications (at least in this district) are filed and decided ex parte."); *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting ex parte § 1782 application).

nor limits the Court’s authority to pretrial discovery. 28 U.S.C. § 1782. That breadth is the deliberate product of the 1964 revision. The statute's predecessors were cast narrowly in deposition terms, empowering a district court only to take "the deposition of a witness" for use in a proceeding "pending in any court in a foreign country." *In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India*, 385 F.2d 1017, 1018 (2d Cir. 1967). Congress discarded that formulation in 1964, substituting authority to order a person to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal," and in doing so "materially expanded the scope of 28 U.S.C. § 1782." *Id.* at 1018, 1020. Having just stripped the statute of its deposition-bound language, Congress gave no signal that the broad phrase it chose silently re-imposes the very deposition-only limit it had removed.

That textual reading is decisive. The Supreme Court has repeatedly refused to graft onto § 1782 limitations its text does not contain, rejecting extra-textual requirements that the foreign proceeding be pending or that the evidence be discoverable under foreign law. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

Where Congress wished to cabin the statute, it did so expressly — confining the aid to evidence "for use in a proceeding in a foreign or international tribunal" — while placing no limit on the form the testimony may take. 28 U.S.C. § 1782; *Gov't of India*, 385 F.2d at 1020. A deposition-only gloss would be precisely the sort of atextual limitation the Court has declined to supply. *Intel*, 542 U.S. at 247.

The Federal Rules supply the practice for taking that testimony. Once § 1782 assistance is authorized, the Rules govern how it is taken, and the Eleventh Circuit confirms that § 1782 empowers a court to order a person to give testimony for use in a foreign tribunal. *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009); *In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007). Rule 43(a) permits "testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). Both are satisfied here because no subpoena can compel this witness to appear in person at a Canadian trial, making contemporaneous transmission the only means of securing his live testimony. Furthermore, the necessary safeguards are also in place: the witness will testify under oath before the Ontario trial judge, subject to cross-examination and the court's assessment of credibility and demeanor, conditions under which video testimony do not impair the factfinder's evaluation. *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (2010). The place of compliance, finally, lies squarely within Rule 45(c). A trial subpoena reaches a witness "within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person," Fed. R. Civ. P. 45(c)(1)(A), and the Advisory Committee's 2013 Note confirms that when a Rule 43(a) order authorizes remote testimony, "the witness can be commanded to testify from any place described in Rule 45(c)(1)." Courts in some districts follow the rule that a party "may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as

the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 2605957, at *4 (N.D. Fla. May 28, 2021).

**BACKGROUND**

Petitioner is the representative plaintiff in a securities class action pending before the Ontario Superior Court of Justice in Toronto. (Ryan Declaration in Support of Section 1782 Application at 1; Ryan Declaration in Support of Section 1782 Application at 2). The action alleges that BlackBerry prematurely recognized revenue on sales of its BlackBerry 10 smartphones, in violation of U.S. GAAP and its own policies, and names BlackBerry and its former chief executive officer and chief financial officer. (Ryan Declaration in Support of Section 1782 Application at 3; SAC ¶ 58). Filed in December 2013 and certified in February 2019, the action was set, after discovery from 2020 to 2025, for a six-week trial beginning January 11, 2027. (Ryan Declaration in Support of Section 1782 Application at 3).

Geraldo Barron is a non-party. He resides in McKinney, within the Eastern District of Texas, Sherman Division, and counsel reports the witness will not testify voluntarily.

A Letter of Request was issued for this witness on October 15, 2026. Through its Letter of Request, the Ontario court seeks this Court's assistance to secure live testimony by video link, under the Canadian court's supervision. (Ryan Declaration in Support of

Section 1782 Application at 2; Ryan Declaration in Support of Section 1782 Application at 3). That request is the product of an agreed trial plan to which the defendants consented and of which they are on notice. (Ryan Declaration in Support of Section 1782 Application at 4). Petitioner brings the application in good faith, not to circumvent any foreign restriction. (Ryan Declaration in Support of Section 1782 Application at 4). The parties and the court seek live testimony so the trial judge may assess the witness's credibility and demeanor. (Ryan Declaration in Support of Section 1782 Application at 2)

**LEGAL STANDARD**

Section 1782(a) authorizes the district court where a person resides or is found to order testimony for use before a foreign or international tribunal, on an interested person's application or a foreign tribunal's letter of request. 28 U.S.C. § 1782. The applicant must establish three prerequisites, reviewed de novo, after which the court weighs the four Intel factors for abuse of discretion, guided by the statute's animating purpose of comity. *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015); *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 (5th Cir. 2010); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004); *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022). Consistent with that text-bound design, the Supreme Court has declined to impose on § 1782 limitations not found in its text, rejecting requirements that the foreign proceeding be pending and that the evidence be discoverable under foreign law. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 247.

## ARGUMENT

Petitioner satisfies every prerequisite and *Intel* factor; the statute and the Federal Rules authorize the live video-link testimony sought; and comity independently supports the relief.

### I. The Application Satisfies the Statutory Requirements of 28 U.S.C. § 1782(a)

Each of the three statutory prerequisites is satisfied on the face of the record. *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x at 322.

#### A. The Witness Resides and Is Found Within This District

The witness resides within this District. 28 U.S.C. § 1782. Section 1782(a) reaches any person who resides or is found in the district, and the Fifth Circuit treats that as the first prerequisite. *Id.*; *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x at 322; *In re: Letters Rogatory v. Int'l Bank of Com.*, No. 7:14-MC-1044, 2015 WL 12839786, at *2 (S.D. Tex. July 30, 2015). Barron resides in McKinney, within the Eastern District of Texas, Sherman Division, making this the proper court to order his testimony.

#### B. The Testimony Is Sought for Use in a Proceeding Before a Foreign Tribunal

The testimony is for use in a proceeding before a foreign tribunal. *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x at 322. A qualifying tribunal exercises governmental authority conferred by a nation, which the Ontario Superior Court of Justice does, and the proceeding need only be in reasonable contemplation. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. at 633; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at

247; *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x at 322. The Ontario Action is set for trial on January 11, 2027, and the testimony is sought solely for use there. (Ryan Declaration in Support of Section 1782 Application at 3)

### C. Petitioner Is an "Interested Person" Entitled to Seek This Court's Assistance

Petitioner is an "interested person." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 256. That term reaches beyond formal litigants, and a party to the foreign proceeding falls squarely within it. *Id.*; *In re: Letters Rogatory v. Int'l Bank of Com.*, 2015 WL 12839786, at *2. Petitioner is the representative plaintiff and also applies pursuant to the Ontario court's letter of request, either basis sufficing. Ryan Declaration in Support of Section 1782 Application at 1; 28 U.S.C. § 1782.

## II. The Intel Discretionary Factors Weigh Decisively in Favor of Granting the Application

Each of the four Intel factors favors the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 264.

### A. The Witness Is a Non-Participant in the Ontario Action, Whose Evidence Is Otherwise Unobtainable

The witness is a non-participant, so the need for § 1782 aid is greatest. *Id.* A foreign tribunal can compel participants before it, but a non-party may lie beyond its reach. *Id.* Barron appears on the witness list rather than among the defendants, and the witness will not testify voluntarily, so his trial evidence is otherwise unobtainable.

**B. The Ontario Court Is Receptive to This Court's Assistance, As Its Letter of Request Conclusively Shows**

The Ontario court's own Letter of Request conclusively shows its receptivity. (Ryan Declaration in Support of Section 1782 Application at 3). A party resisting on this ground must offer authoritative proof the tribunal would reject the evidence, and absent a clear directive none is defeated. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d at 377-78. The court has asked for the testimony under its supervision, and no rule or policy precludes its use, as Canadian courts generally welcome United States assistance. (Ryan Declaration in Support of Section 1782 Application at 2; Ryan Declaration in Support of Section 1782 Application at 4)

**C. The Application Is a Good-Faith Request That Does Not Circumvent Foreign Proof-Gathering Restrictions**

The application does not circumvent foreign proof-gathering restrictions. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241. That concern is absent when the foreign court itself requests the evidence, because it is the arbiter of what is discoverable under its own rules. *In re Letter Rogatory From First Ct. of First Instance in Civ. Matters, Caracas, Venezuela*, 42 F.3d 308, 311 (5th Cir. 1995). The testimony is sought under an agreed trial plan and the Letter of Request, with the defendants' consent and in good faith. (Ryan Declaration in Support of Section 1782 Application at 4)

**D. A Single Witness's Supervised Trial Testimony Is Not Unduly Intrusive or Burdensome**

A single witness's supervised testimony is not unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241. The request seeks one non-party's live video-link testimony, under the Ontario judge's supervision and with advance notice, not a sweeping demand. (Ryan Declaration in Support of Section 1782 Application at 2; Ryan Declaration in Support of Section 1782 Application at 4)

## III. Section 1782 and the Federal Rules Authorize the Requested Live Video-Link Trial Testimony

Petitioner seeks live video-link trial testimony, which the statute's text and the Federal Rules authorize. 28 U.S.C. § 1782.

### A. The Statutory Text Reaches Compelled Live Trial Testimony, Not Only Pretrial Depositions

Section 1782(a) authorizes an order that a person "give his testimony or statement" for use in a foreign tribunal, language not limited to depositions and nowhere using the word "discovery." *Id.* Once a court finds assistance appropriate, the Federal Rules govern the testimony, and Rule 43(a) expressly permits live testimony by contemporaneous transmission from a different location for good cause in compelling circumstances. *United States v. Navarro*, 169 F.3d 228, 238 (5th Cir. 1999); Fed. R. Civ. P. 43.

The Supreme Court has declined to impose on § 1782 limitations not found in its text. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 247. In *Intel*, it rejected extra-textual requirements that the foreign proceeding be pending and that the requested

evidence be discoverable under the foreign forum's law, because nothing in the statute's text supports such limits. *Id.* The same principle forecloses reading a deposition-only limitation into the authorization to obtain a person's "testimony or statement," a restriction Congress did not write; where Congress wished to limit § 1782, it did so expressly, confining the power to persons who reside or are found in the district and to evidence for use in a qualifying foreign tribunal. 28 U.S.C. § 1782. A deposition-only gloss would graft onto the statute precisely the extra-textual limitation *Intel* refused to recognize. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 247.

No Fifth Circuit decision has squarely held that § 1782 reaches compelled live trial testimony, but the Court need not break new ground: the text controls, the Federal Rules supply the mechanism, and the Ontario court's supervision serves the statute's assistance purpose. 28 U.S.C. § 1782. The Fifth Circuit has recognized that, where the drafters deemed video transmission appropriate, they provided for it, as in Civil Rule 43(a). *United States v. Navarro*, 169 F.3d at 239.

### B. Live Trial Testimony, Not a Deposition, Is the Appropriate Form of Relief

Live trial testimony, not a deposition transcript, is the appropriate relief. The law accords great value to live testimony and to judging a witness's demeanor firsthand, which is why the Ontario court and the parties seek it, a purpose no transcript would

serve. *United States v. Navarro*, 169 F.3d at 238; Rule 43(a) permits exactly that form of testimony. Fed. R. Civ. P. 43.

## IV. International Comity and the Ontario Court's Letter of Request Independently Support Granting the Application

Comity independently supports the application. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. at 632. The Supreme Court has explained that comity is the animating purpose of § 1782, and the Fifth Circuit describes the statute as promoting international dispute resolution and comity. *Id.*; *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013). Those interests peak when the request comes from the foreign court itself: no discoverability review is required, because the foreign court is the arbiter of its own rules, and second-guessing its request is the very slight § 1782 is meant to avoid. *In re Letter Rogatory From First Ct. of First Instance in Civ. Matters, Caracas, Venezuela*, 42 F.3d at 311.

Honoring the Ontario court's request serves those ends and the reciprocity Congress built into § 1782. *Id.* at 310. The defendants' consent and notice confirm that granting the application advances, rather than strains, comity.

## V. The Proposed Subpoena Complies With Rule 45(c)'s Place-of-Compliance Requirement

The subpoena requested issues under Rule 45, which § 1782 incorporates, and it satisfies Rule 45(c)'s place-of-compliance limit because the witness will transmit from within 100 miles of this District. 28 U.S.C. § 1782. The designated video-link location lies within 100 miles of Barron's home, the weight of authority measures the place of

compliance from where the witness attends rather than where the trial sits, and the subpoena preserves every protection Rule 45 affords a non-party. No geographic or undue-burden objection can defeat it.

### A. The Designated Video-Link Location Is Within 100 Miles of the Witness's Residence

The subpoena satisfies Rule 45(c)(1)(A) because it designates a video-link place of compliance within 100 miles of Barron's residence. Rule 45(c)(1)(A) provides that "compliance may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person." Fed. R. Civ. P. 45. The decisive point is what the 100-mile radius is measured from: the place of compliance is the physical location identified on the subpoena, not the location of the court from which the subpoena issued or where the foreign trial sits. *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017).

Applying that standard, the subpoena here comfortably satisfies Rule 45(c). Barron resides at 2112 Altair Lane, McKinney, within the Eastern District of Texas, Sherman Division, and the proposed subpoena commands him to appear and testify by video link in the trial of the Canadian Action. (Subpoena to Appear and Testify at 2). The subpoena will designate a video-link place of compliance within 100 miles of that residence, from which the witness will transmit his testimony. Because the witness will appear from

within 100 miles of where he resides, the geographic requirement of Rule 45(c)(1)(A) is met, and no geographic objection lies. Fed. R. Civ. P. 45.

### B. For a Witness Appearing Remotely, the Place of Compliance Is Where He Physically Attends

For a witness testifying remotely, Rule 45(c) ties the place of compliance to where the witness physically attends, not to the location of the foreign trial. District courts within the Fifth Circuit have held that a remote appearance satisfies Rule 45(c)'s limit, for good cause and with appropriate safeguards, so long as the witness need not testify at a location beyond 100 miles from home. *Certified Lab'ys v. Momar, Inc.*, No. 3:22-MC-60-K-BN, 2022 WL 4370456, at *5 (N.D. Tex. Aug. 16, 2022). The Rule 45 Advisory Committee Note confirms the point, providing that "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

That reading serves the geographic limit's purpose, which is to protect a non-party from the undue burden of traveling more than 100 miles — a burden that virtual attendance from the witness's own location eliminates. Fed. R. Civ. P. 45. The one in-circuit decision declining to compel remote testimony rested on the Federal Arbitration Act's Section 7 presence requirement for arbitral summonses, a ground inapplicable to a

§ 1782 subpoena for testimony before a foreign court. *Certified Lab'ys v. Momar, Inc.*, 2022 WL 4370456, at *5.

### C. The Subpoena Issues Under Rule 45 With the Witness's Full Protections Preserved

The subpoena also preserves every protection Rule 45 affords the witness. Because § 1782 directs that testimony be taken in accordance with the Federal Rules unless the order provides otherwise, 28 U.S.C. § 1782(a), Rule 45 supplies the mechanics for issuing and serving the subpoena and guards the witness at every step. Rule 45(d)(1) requires that a party or attorney responsible for issuing and serving a subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On a timely motion, the court must quash or modify a subpoena that subjects a person to undue burden, or that would require compliance "beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii), (iv).

Those protections are fully in place here. The proposed subpoena attaches Rule 45(c), (d), (e), and (g), placing the witness on notice of his protections and duties. (Subpoena to Appear and Testify at 2). Although § 1782 applications are commonly made ex parte, this Application is made on notice to the defendants, and the subpoenaed person will have an opportunity to object after service. The proposed order reinforces that protection, directing at least ten days' notice before the witness must appear and a prompt period within which any objection may be raised and resolved before trial.

The subpoena therefore imposes no unprotected burden on the non-party. It is geographically compliant, procedurally regular, and accompanied by notice and an opportunity to object, which forecloses any due-process or undue-burden challenge. On this record, the Court may authorize the subpoena with confidence that the witness's rights are fully preserved.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grant this application and enter an order that (1) authorizes Petitioner's counsel to issue and cause to be served a subpoena commanding Geraldo Barron to appear and give live remote, video-link trial testimony, under the supervision of the Ontario Superior Court of Justice, from a place within the Eastern District of Texas or within 100 miles of McKinney, Texas, including but not limited to 2200 Ross Avenue, Suite 3700, Dallas, TX 75201, for use at the trial of the Canadian Action; (2) sets an abbreviated schedule for any objection, to be resolved in advance of trial; (3) requires that Barron receive at least ten days' notice before she is required to appear; and (4) retains jurisdiction to enforce the subpoena. Nothing in § 1782's text forecloses this relief, and the comity the statute exists to serve strongly supports it. Should the Court conclude that a hearing on the Application is necessary or appropriate, Swisscanto respectfully requests that any such hearing be set on an expedited basis, given the imminent January 11, 2027, trial date in the Canadian Action and the parties' need to effect service and resolve any objections sufficiently in advance

of that trial. Petitioner further requests such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: November 6, 2026 | Respectfully submitted,<br><br>**GORDON REES SCULLY MANSUKHANI LLP**<br>By: */s/ Robert A. Lemus*<br>**Robert Lemus**<br>rlemus@grsm.com<br>Texas Bar No.: 24052225<br>SDTX Fed. No. 1145787<br>1900 West Loop South, Suite 1000<br>Houston, Texas 77027<br>(713) 490-4869 - Telephone<br>(713) 961-3938 - Facsimile<br><br>***Attorneys for Petitioner Swisscanto Fondsleitung AG*** |